MAIN, Justice
(dissenting).
I respectfully dissent. This is an appeal from a summary judgment in favor of the defendant, BASF Construction Chemicals, LLC. Summary judgment is appropriate only when no material facts are in dispute. ‘“Where the facts upon which the exis *807 tence of a duty depends, are disputed, the factual dispute is for resolution by the jury.’” Alabama Power Co. v. Brooks, 479 So.2d 1169, 1175 (Ala.1985) (quoting Alabama Power Co. v. Alexander, 370 So.2d 252, 254 (Ala.1979)).
It appears to me that the facts are in dispute with regard to whether BASF voluntarily assumed a duty to inspect the application of the polyurethane material on the floor .of the parking deck by CHP Industrial and Marine, Inc. (“CHP”). The letter from BASF to CHP can be construed as acknowledging some supervisory role by BASF during installation. The owner of CHP testified that he was relying on BASF to inspect the installation work. Indeed, BASF’s inspection of the installation was a condition of allow&g CHP to perform the work. The agreement to inspect the installation was arguably made for the benefit of CHP,- the parking-deck owner, and for the ultimate users of the deck. See Rudolph v. First Southern Fed. Sav. & Loan Ass’n, 414 So.2d 64 (Ala.1982) (lender of a construction loan had duty to exercise reasonable care in its inspection of borrower’s premises when inspection was voluntarily undertaken for the benefit of the borrower). Consequently, I would affirm the judgment of the Court of Civil Appeals.